UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP RICKER,<br><br>              Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER SALAS, et al.,<br><br>              Defendants. | Case No.: 19-CV-807 TWR (LL)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 29) |

Plaintiff Phillip Ricker, a former inmate at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, brought suit alleging federal constitutional and state statutory claims stemming from an alleged assault on Plaintiff by several correctional officers and a subsequent incident in which correctional officers failed to protect Plaintiff from attack by two other inmates. (*See generally* First Am. Compl. ("FAC," ECF No. 21-2).)

Currently before the Court is Defendants E. Savala, F. Salas, A. Danial, F. Aviles, D. Paramo, S. Ramirez, and A. Gonzalez's Motion for Summary Judgment ("Mot.," ECF No. 29). Plaintiff filed an opposition ("Opp'n," ECF No. 36) to and Defendants filed a

reply in support of ("Reply," ECF No. 40) the Motion.  Although Defendants' Motion raised several issues when filed, the Parties have since narrowed their dispute to a single question:  Must Plaintiff's Fourth Cause of Action, an Eighth and Fourteenth Amendment failure to protect claim against two correctional officers, be dismissed under 42 U.S.C. Section 1997e(a) for failure to exhaust administrative remedies prior to filing suit?  (*See* ECF No. 35 (joint motion to dismiss some of the claims and one Defendant); ECF No. 37 (order granting joint motion to dismiss).)  For the reasons set forth below, the Court concludes that the answer is "No" and, consequently, **DENIES** Defendants' Motion.

## BACKGROUND

Plaintiff alleges that four correctional officers at RJD attacked and injured him on April 5, 2018.  (*See* FAC ¶¶ 5–13 (recounting the incident).)  Despite sustaining injuries to his face and hip, Plaintiff alleges that he received only a cursory examination by a prison nurse that day, that he did not receive substantive medical care until the next day, and that a correctional sergeant failed to respond when Plaintiff reported the attack.  (*See id.* ¶¶ 16–18, 24–25, 32–34.)

On April 7, 2018, two days after the initial incident, Plaintiff alleges that he was attacked again, this time by two inmates.  (*See id.* ¶ 42.)  Prior to the assault, Plaintiff saw his attackers speaking to two of the correctional officers involved in the April 5, 2018 incident—Defendants Danial and Aviles—and, according to Plaintiff, the officers "instructed the two (2) inmates whom they were talking with to rough up Plaintiff."  (*See id.* ¶¶ 42, 45.)  The inmates kicked Plaintiff and chased him.  (*See id.* ¶¶ 46–47.)  The assault ended after Defendants Danial and Aviles intervened.[1]  (*See id.* ¶ 48.)

Plaintiff filed an administrative grievance regarding the April 5, 2018 incident and exhausted his administrative appeals on November 6, 2018.  (*See id.* ¶ 55; *see also* ECF

---

[1] Although Defendants broadly dispute these factual allegations, the Parties' precise factual disputes fall outside the scope of this Order, which addresses a legal question implicating only undisputed facts regarding the administrative grievance process.  (*See* ECF No. 23 (answering and denying the bulk of the allegations in Plaintiff's First Amended Complaint).)

2

No. 29-6 ("Moseley Decl.") ¶ 8; ECF No. 29-7 Ex. B (Third Level Appeal Decision on Plaintiff's grievance dated November 6, 2018).) Plaintiff also filed a claim with the State of California as required by the California Tort Claims Act. (*See* FAC ¶ 56.) It is undisputed that Plaintiff did not file an administrative grievance or otherwise exhaust his administrative remedies for the April 7, 2018 incident underlying his Fourth Cause of Action. (*See* Opp'n at 5 (explaining that Plaintiff "did not file either [an administrative grievance or state tort claim] for the [April 7, 2018] incident").)

Plaintiff filed suit on May 1, 2019, alleging a variety of constitutional and state statutory claims arising out of both the April 5, 2018 and April 7, 2018 incidents. (*See generally* ECF No. 1.) Among the claims in Plaintiff's initial Complaint was the Fourth Cause of Action, an Eighth and Fourteenth Amendment failure-to-protect claim against Defendants Danial and Aviles alleging that they "acted with deliberate indifference in failing to provide reasonable safety for Plaintiff when they instructed two inmates to attack Plaintiff" on April 7, 2018. (*See id.* ¶ 76.)

At the time the initial Complaint was filed, Plaintiff was a prisoner proceeding *in forma pauperis* ("IFP") and, as a result, the Court conducted the pre-answer screening required by 28 U.S.C. Sections 1915(e)(2) and 1915A(b), concluding that Plaintiff's initial Complaint stated claims sufficient to survive screening under those statutes. (*See* ECF No. 5 at 5.[2]) As a result, the Court directed the U.S. Marshal to effect service on Plaintiff's behalf. (*See id.* at 5–6; *see also* ECF Nos. 8–18 (waiving service as to Defendants).)

Plaintiff was released from prison after filing the initial Complaint but before the Court's Order granting his motion to proceed IFP. (*See* ECF No. 7 at 1.) After Plaintiff's release from custody, Defendants moved to dismiss Plaintiff's initial Complaint. (*See* ECF No. 19.) Subsequently, the Parties reached an agreement whereby Plaintiff would dismiss certain claims and individual Defendants and file an amended complaint including some

---

[2] This case was previously assigned to the Honorable Dana M. Sabraw. On October 6, 2020, the case was reassigned to the undersigned for all further proceedings. (*See* ECF No. 47.)

additional allegations and certain corrections. (*See* ECF No. 21 at 1–2.) The Parties memorialized this agreement in a joint motion for leave to file the First Amended Complaint, (*see id.*), which the Court granted on October 28, 2019. (*See* ECF No. 22 at 1.) Aside from renumbering paragraphs and one cross reference, Plaintiff's Fourth Cause of Action remained unchanged from his initial Complaint. (*See* ECF No. 21-1 at 10–11 (redline showing changes from initial Complaint).) After Defendants answered Plaintiff's First Amended Complaint, (*see* ECF No. 23), the Court denied Defendants' motion to dismiss as moot. (*See* ECF No. 26, at 1-2.)

Shortly after the Parties completed fact discovery (*see generally* ECF No. 25 (scheduling order setting forth, among other things, discovery deadlines)), Defendants moved for summary judgment. (*See generally* ECF No. 29 (motion for summary judgment).) Although Plaintiff is represented by counsel, the Court nevertheless notified Plaintiff of the requirements for opposing summary judgment pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1998), after Defendants filed their Motion. (ECF No. 32.)

## LEGAL STANDARD

Summary judgment is proper if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). "Failure to exhaust under the [Prison Litigation Reform Act ("PLRA")] is 'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.*

## ANALYSIS

As mentioned previously, the only unresolved issue posed by Defendants' Motion is whether Plaintiff's Fourth Cause of Action must be dismissed for failure to exhaust administrative remedies under a part of the PLRA, 42 U.S.C. Section 1997e(a). Section

1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This provision requires "that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. ___, 136 S. Ct. 1850, 1854–55 (2016) (quoting 42 U.S.C. § 1997e(a)). Exhaustion is mandatory under the PLRA, *see Jones*, 549 U.S. at 211 (citation omitted), and "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010); *but see Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (explaining that the PLRA does not require exhaustion when administrative remedies are "effectively unavailable" under the circumstances). If a court concludes that administrative remedies have not been properly exhausted prior to filing suit, the unexhausted claims should be dismissed without prejudice, generally on a motion for summary judgment. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino*, 747 F.3d at 1168; *see also Jones*, 549 U.S. at 221; *Albino*, 747 F.3d at 1166.

It is undisputed that Plaintiff did not exhaust his remedies through the CDCR's administrative review process prior to filing his Fourth Cause of Action. (*Compare* Mot. at 14–15 (asserting that Plaintiff's administrative appeals did not "contain[] allegations regarding officers setting up Plaintiff to be attacked by other inmates"), *with* Opp'n at 3, 5 (stating that "no dispute of material fact exists here" and that "[Plaintiff] did not file either [an administrative grievance or state tort claim] for the [April 7, 2018 incident]").) The parties do, however, dispute whether Plaintiff's operative pleading—the First Amended Complaint he filed after he was released from prison—is subject to the PLRA's exhaustion requirements as a matter of law.

///

Plaintiff argues that the PLRA's exhaustion requirements apply only to "prisoner[s]" and defines a "prisoner" as someone "incarcerated or detained in any facility who is accused of, convicted or, sentenced for, or adjudicated delinquent for, violations of criminal law." *See* 49 U.S.C. § 1997e(h); *see also Talamantes v. Levya*, 575 F.3d 1021, 1024 (9th Cir. 2009) (holding that a former prisoner "released from custody over a year before filing his action" was not required to exhaust administrative remedies prior to filing suit); *Page v. Torrey*, 201 F.3d 1136, 1040 (9th Cir. 2000) ("[O]nly individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e and 28 U.S.C. § 1915."). Because Plaintiff was released from custody before he filed the operative pleading, he asserts that Section 1997e(a) does not bar his Fourth Cause of Action. Defendants disagree, arguing that "an inmate is required to exhaust [administrative remedies] if he was a prisoner when he filed the complaint; even if he is later released." (*See* Reply at 3 (citations omitted).)

In sum, Plaintiff falls into a narrow and somewhat unusual category. Although he was indisputably a "prisoner," and therefore subject to the PLRA's exhaustion requirements, at the time his case was filed, he was released during the pendency of this case and filed his operative pleading, the First Amended Complaint, after his release from custody. (*See* ECF No. 7 at 1 (notifying the Court of Plaintiff's release); *see also generally* FAC.) Therefore, the central question posed by Defendants' Motion is whether the application of Section 1997e(a)'s exhaustion requirement is determined by Plaintiff's status at the time he filed the initial Complaint, which first asserted the Fourth Cause of Action, or his status at the time he filed the operative complaint, the First Amended Complaint.

Although the Parties' arguments and the outcome of this case ultimately hinge on the application of the Ninth Circuit's most recent decision regarding Section 1997e(a), *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017), it is useful first to review the United States Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007), and two subsequent Ninth

Circuit decisions, *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010), and *Cano v. Taylor*, 739 F.3d 1214 (9th Cir. 2014). In *Jones*, the Supreme Court reviewed a variety of procedural requirements the Sixth Circuit imposed on PLRA cases, including requirements that a prisoner's complaint include affirmative proof of exhaustion, that the prisoner's grievances identify every individual who is named in the suit, and that no part of a complaint could proceed if any individual claim was not properly exhausted. *See id.* at 204–06. Most relevant here was the Sixth Circuit's view that dismissing the entire complaint was the proper remedy when a prisoner's case included some exhausted and some unexhausted claims, which rested on the language in Section 1997e(a) that "no action shall be brought" unless a prisoner first exhausts available administrative remedies. *See id.* at 220. The Supreme Court rejected the Sixth Circuit's practice, noting that Section 1997e(a)'s language—"'no action shall be brought'—is boilerplate." *Id.* (quoting Section 1997e(a)). In so doing, the Court emphasized that the Federal Rules of Civil Procedure, not judge-made rules specific to prisoner cases, should govern in the PLRA context. *See id.* at 224 ("[A]dopting different and more onerous pleading rules to deal with particular categories of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts.").

The Ninth Circuit built on these conclusions in *Rhodes* and *Cano*, both of which involved circumstances similar to, but ultimately distinct from, those at issue in this case. In *Rhodes*, the district court held that a prior Ninth Circuit decision, *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (en banc), "required that claim exhaustion must occur prior to the filing of the original complaint," even where the plaintiff filed a supplemental complaint during the pendency of the case alleging claims that were exhausted after the original complaint was filed. *See Rhodes*, 621 F.3d at 1004, 1006–07. The Ninth Circuit rejected that conclusion, explaining that the PLRA and the Court's pre-*Jones* case law on exhaustion "must be read and applied in the larger context of the pleading framework established by the Federal Rules of Civil Procedure" and that, "[a]s a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original,

the latter being treated thereafter as non-existent.'" *Id.* at 1005 (second alteration in original). As a result, the court in *Rhodes* concluded that neither the PLRA nor the Ninth Circuit's prior decisions justified dismissal of the supplemental complaint for failure to exhaust administrative remedies prior to the filing of the initial complaint. *See id.* at 1007 ("This result is necessary to harmonize the PLRA with the requirements of the Federal Rules of Civil Procedure, as the Supreme Court has instructed; it is also consistent with our holdings in *Vaden* and *McKinney*.")

In *Cano*, the Ninth Circuit concluded that similar reasoning applied to claims that "arose as causes of action prior to the filing of the initial complaint but were (allegedly properly) exhausted between the filing of the initial complaint and the [first amended complaint], when they were added." *Cano*, 739 F.3d at 1220; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) ("If . . . a plaintiff files an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing." (citing *Rhodes*, 621 F.3d at 1007; *McKinney*, 311 F.3d at 1199)). Simply put, "for purposes of the exhaustion requirement, the date of the [first amended complaint]'s filing is the proper yardstick" and requiring otherwise would not serve the PLRA's purpose of reducing frivolous prisoner lawsuits "because plaintiff could proceed to file those claims as a separate action (the district court having dismissed them without prejudice [for failure to exhaust])." *See Cano*, 739 F.3d at 1220.

As mentioned, both Parties argue that the Ninth Circuit's decision in *Jackson v. Fong* supports their positions in this case. In *Jackson*, the plaintiff filed a Section 1983 suit while he was a state prisoner. 870 F.3d at 930. It was undisputed that the plaintiff in *Jackson* had not exhausted his administrative remedies as to the claim at issue in that case prior to filing suit. *See id.* at 933 & n.2. After his release from custody, the plaintiff filed his second amended complaint, which the Court "analyze[d] . . . as a supplemental complaint within the meaning of Rule 15(d)." *Id.* at 933–34. The Ninth Circuit noted the Supreme Court's conclusion in *Jones* that "'adopting different and more onerous pleading rules to

deal with particular categories of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts.'" *Jackson*, 870 F.3d at 933–34 (quoting *Jones*, 549 U.S. at 224). As a result, the court in *Jackson* "look[ed] to the Federal Rules of Civil Procedure to answer the question posed." *Id.* at 934. The Court observed that "a supplemental complaint 'completely super[s]edes any earlier complaint, rendering the original complaint non-existent and, thus, its filing date irrelevant'" and can "defeat an affirmative defense applicable to an earlier complaint, even when that affirmative defense is jurisdictional." *Id.* (alteration in original) (quoting *Rhodes*, 621 F.3d at 1005) (citing *Mathews v. Diaz*, 426 U.S. 67, 75 (1976); *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (9th Cir. 2015)). As a result, the court concluded that "[e]xhaustion requirements apply based on when a plaintiff files the operative complaint, in accordance with the Federal Rules of Civil Procedure," and that an "amended complaint, filed when [the plaintiff] was no longer a prisoner, obviates an exhaustion defense." *Id.* at 934–35 (citations omitted).

Despite this seemingly clear language in favor of Plaintiff's position, Defendants argue that *Jackson* is distinguishable for two reasons. First, Defendants note that Plaintiff's First Amended Complaint is a true amended complaint brought under Federal Rule of Civil Procedure 15(a)(2), not a supplemental complaint under Rule 15(d) like the one at issue in *Jackson*. *See Jackson*, 870 F.3d at 934. This distinction is meaningful, in Defendants' view, because allegations contained in supplemental complaints must, by definition, have arisen after a plaintiff's initial complaint was filed. *See* Fed. R. Civ. P. 15(d) (allowing supplemental complaints setting out "any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*" (emphasis added)). Second and relatedly, Defendants argue that Plaintiff's First Amended Complaint was merely a "procedural amendment that [did] not change the underlying claims" in his Fourth Cause of Action, which he asserted in virtually identical fashion in his initial Complaint. (*See* Reply at 6.) Consequently, the Fourth Cause of Action was unambiguously subject to dismissal under Section 1997e(a) prior to Plaintiff's release from custody and subsequent

amendment. *See McKinney*, 311 F.3d at 1199 (joining "eight other courts of appeals in holding that dismissal is required under 42 U.S.C. § 1997(e)(a)" when a prisoner files suit challenging prison conditions prior to exhausting administrative remedies); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."). Defendants conclude that, if Plaintiff's claims are allowed to proceed based on the timing of filing his First Amended Complaint, that "would allow prisoner-plaintiffs to do exactly what *McKinney* forbids, file a lawsuit based on unexhausted claims, and then simply amend once the claims are exhausted." (Reply at 4 (citing *McKinney*, 311 F.3d at 1199).)

Applying *Jackson* and the Federal Rules of Civil Procedure make clear that these are distinctions without difference and that any exhaustion defense that might have applied to Plaintiff's initial Complaint was "obviate[d]" by filing the First Amended Complaint after his release from prison. *See Jackson*, 870 F.3d at 934. "It is well-established in [the Ninth C]ircuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted). In this respect, an amended complaint under Rule 15(a)(2) is identical to a supplemental complaint under Rule 15(d). *See Jackson*, 870 F.3d at 934; *cf. Rhodes*, 621 F.3d at 1005 (concluding, in the context of a supplemental complaint, that "[n]othing in the PLRA's exhaustion requirement creates an exception to this basic premise of our jurisprudence on pleadings"). An amended complaint is also identical to a supplemental complaint in that it may "defeat an affirmative defense applicable to an earlier complaint, even when that affirmative defense is jurisdictional." *See Jackson*, 870 F.3d at 934; *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." (citations omitted)). These two baseline rules were the only elements of "the Federal Rules of Civil

/ / /

Procedure" that the Ninth Circuit "look[ed] to . . . to answer the question posed" in *Jackson* and, as in *Jackson*, weigh in Plaintiff's favor. *See Jackson*, 870 F.3d at 934.

Further, and contrary to Defendants' arguments, there is no basis in the PLRA or the Federal Rules for not applying these general rules to so-called "procedural amendment[s]," a category of Defendants' invention not reflected in the Rules. (*See* Reply at 6.) The Ninth Circuit in *Jackson* addressed a similar concern, emphasizing that the decision of whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) is discretionary and that a district court "need not give leave to amend a complaint where a plaintiff appears to be gaming the courts, or otherwise exploiting an impending release from custody." 870 F.3d at 936 (citation omitted). Plaintiff's First Amended Complaint was filed pursuant to a joint motion to amend signed by counsel for both parties. (*See* ECF No. 22.) If Defendants felt that Plaintiff's motion for leave to amend was an effort to "gain the benefit of escaping the exhaustion requirement under *Jackson*," they could have opposed the motion on that ground. *See Olmos v. Path*, No. CV-19-08036-PCT-GMS (JFM), 2020 WL 4188042, at *2 (D. Ariz. July 21, 2020) (analyzing whether motion for leave to amend was bad faith attempt to avoid summary judgment on exhaustion grounds). Having chosen not to do so, the Court will not impute bad faith on Plaintiff's part after the fact.

Additionally, Defendants overstate the degree to which this conclusion diverges from *Jackson* or previous case law. For one thing, Defendants repeatedly assert that "an inmate is required to exhaust if he was a prisoner when he filed the complaint; even if he is later released." (Reply at 3; *see also id.* at 5–6 (arguing that this assertion is supported by district court cases from within the Ninth Circuit predating *Jackson*).) But *Jackson* was clear that "[e]xhaustion requirements apply based on when a plaintiff files the operative complaint, in accordance with the Federal Rules of Civil Procedure," and no aspect of the PLRA or Federal Rules of Civil Procedure suggest that a different outcome is required in the factual situation at issue in this case. *Jackson*, 870 F.3d at 935; *see also Olmos v. Well Path*, CV-19-8036-PCT-GMS (JFM), 2020 WL 4550465, at *5 n.2 (D. Ariz. Feb. 5) ("[T]he holding in *Jackson* was not limited to supplemental pleadings, but generally

applied to any new 'operative complaint.'" (citing *Jackson*, 870 F.3d at 937)), *report & recommendation adopted in part & rejected in part on other grounds*, 2020 WL 4188042 (D. Ariz. July 21, 2020). Likewise, *Jackson* explicitly rejected several district court decisions, including the only factually analogous case cited by Defendants, *Vanvalkenberg v. Oregon Department of Corrections*, No. 3:14-cv-00916-BR, 2016 WL 2337892, at *14–15 (D. Or. May 2, 2016), on the grounds that it "appear[s] to have applied the PLRA's exhaustion requirement 'to claims first asserted while the plaintiff was still a prisoner, regardless of the operative amended complaint being filed after the plaintiff's release." *Jackson*, 870 F.3d at 935 n.4. In urging the Court to apply Section 1997e(a) to bar Plaintiff's claims, Defendants ask the Court to focus on the fact that Plaintiff first asserted the Fourth Cause of Action while he was a prisoner, an approach that the Ninth Circuit specifically rejected in *Jackson*. *See id.*

The remaining district court decisions cited by Defendants predate *Jackson* and involved amended complaints filed by then-prisoners, not individuals like Plaintiff who were released from custody prior to amending their claims. *See, e.g.*, *Gibbs v. Sanchez*, No. CV 15-4954-RGK (PLA), 2016 WL 6127649, at *7 (C.D. Cal. Aug. 25, 2016) (concluding that the then-incarcerated plaintiff could not "cure his failure to complete the administrative review process prior to initiating a federal court action by filing an amended complaint raising the same claims that were unexhausted at the time that he initiated the action" (citations omitted)); *Giles v. Felker*, No. 2:11-cv-1825-WBS-EFB P, 2016 WL 758729, at *5 n.1 (E.D. Cal. Feb. 26, 2016) (explaining that, as applied to a plaintiff who remained incarcerated through the pendency of the case, "only *new* claims may be exhausted after suit and then be added to amended complaint" (citations omitted)); *O'Neal v. Peterson*, No. 2:13-cv-1054-KJN P, 2015 WL 1183593, at *7 n.2 (E.D. Cal. Mar. 13) (concluding that amendment by a prisoner after exhaustion did not obviate an exhaustion defense since the "plaintiff raised his failure to protect claims against defendants in the original complaint, i.e., these are not 'new' claims"), *report & recommendation adopted by* 2015 WL 3488290, at *1 (E.D. Cal. June 2, 2015); *Ricks v. Doe*, 1:10-cv-02256-LJO-

SKO (PC), 2015 WL 673035, at *5 (E.D. Cal. Feb. 17, 2015) (holding that "[s]ubsequent exhaustion during the pendency of this action" by a prisoner "does not cure [the plaintiff's failure to exhaust prior to filing suit]," even where the plaintiff filed an amended complaint after exhaustion (citing *McKinney*, 311 F.3d at 1200)). As a result, these cases are inapposite.

To the extent any tension exists between these earlier cases and the Ninth Circuit's decision in *Jackson*, the Court need not resolve that tension because both *Jackson* and the Federal Rules of Civil Procedure make clear that an amended complaint filed by a former inmate after release from custody is not subject to an exhaustion defense under Section 1997e(a). Nevertheless, the Court briefly addresses Defendants' concern that a ruling in Plaintiff's favor would "eviscerate the requirement in *Mc[K]inney* requiring exhaustion before filing suit. It would allow prisoner-plaintiffs to do exactly what *McKinney* forbids, file a lawsuit based on unexhausted claims, and then simply amend once the claims are exhausted." (Reply at 4.) But as the Court has explained, Plaintiff falls into the narrow category of inmates who are released from custody during the pendency of their cases and who amend their claims after release. Other district courts since *Jackson* have distinguished that situation from the far more common scenario in which prisoner-plaintiffs remain in custody throughout the pendency of their cases, holding that such claims *are* subject to an exhaustion defense under Section 1997e(a) despite an amendment alleging exhaustion after filing the initial complaint. *See*, *e.g.*, *Bosworth v. United States*, No. CV 14-0498 DMG (SS), 2019 WL 4777334, at *3 n.9 (C.D. Cal. Sept. 3, 2019) (noting that because the plaintiff was incarcerated at the time he filed each amended complaint, including the operative complaint, the PLRA's exhaustion requirement applied); *Washington v. Stark*, No. 1:18-cv-00564-LJO-SAB (PC), 2019 WL 343133, at *6 n.1 (E.D. Cal. Jan. 28, 2019) (distinguishing *Jackson* on the grounds that the "[p]laintiff remained in custody at the time he filed his amended complaint and currently remains in custody"). The Third Circuit has also distinguished between these situations, relying in part on *Jackson* in holding that a supplemental or amended complaint filed after a prisoner's

release from custody cures the earlier failure to exhaust administrative remedies.[3]  *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019) ("[W]e conclude that there is nothing in the PLRA to indicate that a plaintiff cannot employ Rule 15 to file a supplemental pleading to cure an initial filing defect.  Because [plaintiff] filed the [third amended complaint] as a non-prisoner, administrative exhaustion was not an appropriate basis for its dismissal."), *cert. denied*, 140 S. Ct. 1611 (2020); *see also Downey v. Pa. Dep't of Corrs.*, 968 F.3d 299, 309 (3d Cir. 2020) (holding that a second amended complaint filed one day after plaintiff was released from custody rendered "[t]he fact that [plaintiff] did not file an initial grievance . . . irrelevant").  These cases allay any practical concerns raised by Defendants about the implications of applying the Ninth Circuit's rule in *Jackson* to Plaintiff's Fourth Cause of Action.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants' Motion for Summary Judgment as to Plaintiff's Fourth Cause of Action.

**IT IS SO ORDERED**.

Dated: November 3, 2020

_____
Honorable Todd W. Robinson
United States District Court

---

[3] This view is not universally shared among the other federal courts of appeals.  *See, e.g.*, *Harris v. Garner*, 216 F.3d 970, 981, 987 (11th Cir. 2000) (en banc) (holding that Section 1997e(e) applied to claims brought by prisoners even if they were subsequently released from custody prior to judgment and amended or supplemented their complaints after release); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (applying *Harris* to failure to exhaust under Section 1997e(a)); *see also May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019) ("The question under the PLRA is the timing of the claim alleged, not the sufficiency of the allegations.  Because superseding allegations cannot change the status of the prisoner at the time he 'brought' the relevant unexhausted claim . . . the PLRA required [the plaintiff] to exhaust that claim.").  As explained, however, the Ninth Circuit has clearly spoken to the contrary, and the Court is bound by its decision.